UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLUE CASTLE (CAYMAN) LTD,

                                          Plaintiff,

              v.

1767 TP AVE LLC, et al.,

                                          Defendants.

22 Civ. 9577 (DEH)

**OPINION**
**AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Blue Castle (Cayman) LTD ("Plaintiff" or "Blue Castle") filed suit against

Appearing Defendants Motisola Zulu ("Zulu") and 1767 TP Ave LLC ("1767 TP Ave"), as well

as Non-Appearing Defendants Vijay Khemraj ("Khemraj"), New York City Environmental

Control Board, and Skyline Research Group, Inc., seeking to foreclose on a mortgage pursuant to

New York Real Property Actions and Proceedings Law, § 1301 *et seq*. *See generally* Compl.,

ECF No. 1.  Before the Court is Plaintiff's motion for summary judgment as against Appearing

Defendants only.  *See* ECF No. 66.  For the reasons set forth below, Plaintiff's motion is granted.

## BACKGROUND

The following facts are drawn from the Complaint; Plaintiff's Statement of Undisputed

Material Facts ("SUMF"), ECF No. 67; Defendant's Counterstatement of Undisputed Material

Facts ("CUMF"), ECF No. 77-1; and evidentiary submissions in connection with Plaintiff's

motion.  The facts are either undisputed or, if disputed, resolved in the light most favorable to

Defendants as the non-moving party, with all reasonable inferences drawn in their favor.  *See*

*Horn v. Medical Marijuana, Inc.*, 80 F.4th 130, 135 (2d Cir. 2023).[1]

---

[1] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.  All references to Rules are to the Federal Rules of Civil Procedure.

### A. Parties

Plaintiff Blue Castle is a corporation with its principal place of business in Miami, Florida.  Compl. ¶ 2.  Defendant 1767 TP Ave is a limited liability company.  *Id.* ¶ 3.  Defendant Zulu is the owner of Defendant 1767 TP Ave and of the disputed property (1767 Topping Avenue, Bronx, NY 10457).  Zulu Decl. ¶ 1, ECF No. 75; ECF No. 37-1 at 1.

Non-Appearing Defendant Khemraj "guaranteed payment on the Note and Mortgage" relevant to this case.  Compl. ¶ 4.  Non-Appearing Defendant Skyline Research Group "is a party defendant because it holds a UCC-1 financing statement against the borrowers and/or property, which is subordinate to Plaintiff's Mortgage."  *Id.* ¶ 6.  New York City Environmental Control Board "is a party defendant to this action because it is a judgment creditor by virtue of Environmental Control Board Violations filed against the borrowers and/or property, which are subordinate to Plaintiff's Mortgage."  *Id.* ¶ 7.  "Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage."  *Id.* ¶ 8.

### B. The Mortgage Loan

On November 15, 2018, Defendant 1767 TP Ave executed a Mortgage (the "Mortgage") and Note (the "Note") with non-party Pinchas Funding LLC ("Pinchas Funding") to secure the sum of $275,000.00 and interest.  *See* ECF No. 1-1 at 4-25; CUMF ¶ 4.  Also on November 15, 2018, Defendant Khemraj executed a Personal Guaranty wherein he personally guaranteed payment on the Note and Mortgage.  ECF No. 1-1 at 27-32.  The Mortgage was recorded in the Bronx County Clerk's Office on November 27, 2018.  *See id.* at 4.  The mortgage lien covers the premises known as 1767 Topping Avenue, Bronx, NY 10457.  *See* Compl. ¶ 11; ECF No. 1-1 at 2, 4-25.

2

On or around December 2018, Defendant Zulu became the 99.9% owner/member of 1767 TP Ave, formerly 100% owned by Defendant Vijay Khemraj.  *See* ECF No. 68-1 at 36-37, 46; *see also* CUMF ¶ 5.

On July 22, 2022, the Mortgage was assigned by Assignment of Mortgage to Plaintiff Blue Castle and recorded on August 3, 2022, in the Bronx County Clerk's Office.  *See* Compl. ¶ 13; ECF No. 1-1 at 34-35 (assigning the Mortgage from Pinchas Funding to Blue Castle).  The Note was transferred by the affixation of an executed Allonge.  *See* ECF No. 1-1 at 26.

## C.  Defendants' Default and Failure to Cure

Plaintiff alleges that Defendants defaulted by failing to comply with the terms and provisions of the Mortgage and instruments secured by the Mortgage, and by failing to pay the matured balance of the loan with accrued interest as of the loan's maturity date of December 1, 2019.  *See* Compl. ¶ 16; Ramer Decl. ¶ 12, ECF No. 68.  Zulu disputes that 1767 TP Ave was in default, and instead asserts without citation to the record that it was granted an extension of the Note and that Plaintiff's predecessor in interest obstructed 1767 TP Ave's ability to pay off the loan.  *See* CUMF ¶¶ 8, 9, 11.  Plaintiff invoked its right to accelerate the Mortgage, pursuant to the loan documents.  *See* Compl. ¶ 17.  On or about September 30, 2022, Plaintiff's counsel provided Defendant 1767 TP Ave with a notice of default (the "Default Notice") by both certified and first-class mail, pursuant to the terms of the Mortgage.  *See* SUMF ¶ 9; Compl. ¶ 17; ECF No. 1-1 at 37-44; Ramer Decl. ¶ 13.

## D.  Procedural History

Plaintiff filed suit on November 9, 2022.  *See* ECF No. 1.  Defendant Zulu filed an Answer on December 8, 2022.  *See* ECF No. 16.  Defendant 1767 TP Ave filed an Answer on November 30, 2023.  *See* ECF No. 61.  Defendants did not amend their Answers.

On February 10, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed against Non-Appearing Defendants. *See* ECF No. 20. Plaintiff subsequently filed for certificates of default against Non-Appearing Defendants. *See* ECF Nos. 21-26. Clerk's Certificates of Default were issued as to 1767 TP Ave, Skyline Research Group Inc., and New York City Environmental Control Board on February 13, 2023. *See* ECF Nos. 27-29. That same day, Plaintiff filed a response to the Court's order to show cause, seeking an extension of time to serve Defendant Khemraj, as well as permission to request a default judgment as to Non-Appearing Defendants, subsequent to filing a motion for summary judgment. *See* ECF No. 30.

On April 4, 2023, the Court ordered the parties to, *inter alia*, submit a proposed case management plan and scheduling order, as well as a joint status letter. *See* ECF No. 36. Plaintiff and Defendant Zulu filed the proposed case management plan and letter on April 18, 2023. *See* ECF No. 37. Defendant Zulu claimed, *inter alia*, that she could not "enter into a loan modification or any other agreement to repay the loan" because she "is not the borrower." *See* ECF No. 37-1 at 3. Though Defendant Zulu conceded that she owned the disputed property, she claimed "her co-defendants," not she, "failed to make payments and absconded with borrowed funds." *Id.* at 1-2. Defendant Zulu further claimed that discovery would show that "Plaintiff's assignor, Pinchas Funding LLC[,] was complicit in the fraud against Defendant Zulu." *Id.* at 2.

On April 25, 2023, the Court granted the parties' proposed case management plan and scheduling order. *See* ECF No. 41. It held, *inter alia*, that discovery was to be completed by August 25, 2023. *See id.*[2] Defendant Zulu failed to engage in any discovery prior to the deadline, and the Court denied her request to reopen discovery due to her failure to articulate

---

[2] This case was reassigned to the undersigned on October 15, 2023. *See* Oct. 15, 2023 Min. Entry, ECF No. 56.

good cause to reopen.  *See* ECF No. 60 at 2.  However, the Court granted Defendant Zulu's request to reopen limited discovery with respect to implicated third parties, to be completed by January 3, 2024.  *See id.*  Defendant did not seek an extension, and discovery closed on January 3, 2024.

Plaintiff filed its motion for summary judgment on February 22, 2024.  *See* ECF No. 66. That motion is now fully briefed before the Court.

## LEGAL STANDARDS

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  A court must view any inferences drawn from the facts in the light most favorable to the party opposing the summary judgment motion.  *See Dufort v. City of N.Y.*, 874 F.3d 338, 347 (2d Cir. 2017) ("On a motion for summary judgment, the court must resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.").

A party moving for summary judgment "bears the initial burden of demonstrating 'the absence of a genuine issue of material fact.'"  *ICC Chem. Corp.* v. *Nordic Tankers Trading A/S*, 186 F. Supp. 3d 296, 301 (S.D.N.Y. 2016) (quoting *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986)).  If the movant satisfies its initial burden, then "the adverse party must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  "An issue of fact is 'genuine' if 'the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'"  *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson*, 477 U.S. at 248).  A fact is material when it "might affect the outcome of the suit under the governing law."  *Id.* at 682 (citing *Anderson*, 477 U.S. at 248). The non-movant may not rely on "conclusory statements, conjecture, and inadmissible

evidence," *Ridinger v. Dow Jones & Co.*, 651 F.3d 309, 317 (2d Cir. 2011), but instead must offer some "hard evidence showing that [its] version of the events is not wholly fanciful." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998), *cert. denied*, 524 U.S. 911 (1998). "Summary judgment is often an appropriate mechanism for the resolution of mortgage foreclosure actions." *United States v. Paugh*, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004).

## DISCUSSION

### A. Legal Standards

"In a foreclosure action under New York law, a plaintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default." *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28 (2d Cir. 2017); *see also Wells Fargo Bank, N.A. v. Walker*, 35 N.Y.S.3d 591, 592 (2016) (same). "If these elements are established, the mortgagee has a presumptive right to collect, which can only be overcome by an affirmative showing by the defendant." *Wilmington PT Corp. v. Parker*, No. 19 Civ. 2380, 2020 WL 1704303, at *5 (E.D.N.Y. Mar. 20, 2020), *report and recommendation adopted sub nom. Wilmington PR Corp. v. Parker*, No. 19 Civ. 2380, 2020 WL 1703634 (E.D.N.Y. Apr. 8, 2020). "In defending against a foreclosure action, defendant must provide evidence in admissible form[;] mere conclusions or unsubstantiated assertions are insufficient." *Greystone Bank v. Skyline Woods Realty*, LLC, 817 F. Supp. 2d 57, 62 (N.D.N.Y. 2011).

### B. Application

As discussed further below, Plaintiff has standing to bring this case and has established its prima facie case. Defendants fail to raise any affirmative defense sufficient to overcome Plaintiff's presumptive right to foreclose. Accordingly, the Court grants Plaintiff's motion for summary judgment.

### 1. Standing

"Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" *Eastern Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 19 N.Y.S.3d 543, 544 (2015)). "[E]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Id.* Here, Plaintiff attached a copy of the Note with Allonge and the Assignment of Mortgage as exhibits to the Complaint, thereby establishing that Plaintiff has had the Note since before the action commenced. *See generally* ECF No. 1-1. Attachment of the Note as an exhibit to the Complaint "was sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the [N]ote at the time the action was commenced." *See Cenlar FSB v. Tenenbaum*, 101 N.Y.S.3d 68, 69 (2d Dep't 2019). Having assured itself that Plaintiff has standing to bring this case, the Court turns to Plaintiff's prima facie case.

### 2. Prima Facie Case

"After reviewing the record and the papers in this case, the Court concludes that Plaintiff has established its *prima facie* entitlement to summary judgment on its foreclosure action against [Defendants] by producing evidence of the mortgage, the unpaid note, and the defendant's default." *United States v. Ferri*, No. 19 Civ. 6921, 2023 WL 2165182, at *3 (W.D.N.Y. Feb. 22, 2023). The documents attached to Plaintiff's Complaint, the validity of which Defendants have not contested, establish both the existence of an obligation and a default by 1767 TP Ave. *See generally* ECF No. 1-1. Plaintiff additionally attaches an affidavit to its motion for summary judgment that attests to Defendants' default under the terms of the Note and Mortgage. *See*

Ramer Decl.  Finally, Plaintiff attaches to its motion for summary judgment copies of the Note
(Ex. A), the Mortgage (Ex. B), the Personal Guaranty by Vijay Khemraj (Ex. C), the Assignment
of Mortgage (Ex. D), its Proof of Ownership (Ex. E), and the Default Demand Letter (Ex. G).
*See generally* ECF No. 68-1.  Accordingly, Plaintiff "has a presumptive right to collect, which
can only be overcome by an affirmative showing by the defendant."  *Wilmington PT Corp.*, 2020
WL 1704303, at *5.

### 3. Affirmative Defenses

"Once a mortgagee's *prima facie* case is established, the mortgagor must make an
affirmative showing that a defense to the action exists."  *Gustavia Home, LLC v. Hoyer*, 362 F.
Supp. 3d 71, 80 (E.D.N.Y. 2019).  Defendants Zulu and 1767 TP Ave raise nine affirmative
defenses in their Answers.  *See generally* Zulu Answer, ECF No. 16; 1767 TP Ave Answer, ECF
No. 61.  In their four-page opposition to Plaintiff's motion, Defendants assert at least some of
these defenses.  *See* Defs.' Opp'n to Pl.'s Mot. for Summary J'ment ("Defs.' Opp'n") 2, ECF
No. 77.  However, the Court concludes from its review of the record that Defendants' defenses
are either waived or meritless.  It addresses each of the defenses below.

#### a. Waived Defenses

As an initial matter, Defendants plead several affirmative defenses that they do not
support in their opposition papers.  Defendants plead the doctrine of waiver (Second Affirmative
Defense); assert that Plaintiff failed to join necessary and/or indispensable parties (Sixth
Affirmative Defense); and plead that any harm Plaintiff may have suffered was self-inflicted
(Eighth Affirmative Defense).  *See* Zulu Answer 4; 1767 TP Ave Answer 4.  Defendants identify
neither a right that has been waived nor an indispensable party that is absent from the case.  *See
generally* Defs.' Opp'n.  Defendants also fail to raise any legal argument or submit any evidence
to support their assertion that Plaintiff's alleged willful or negligent conduct bars relief in this

case.  *See id.*  Because "Defendant[s] did not assert [these three] defenses in [their] brief in opposition to Plaintiff's motion for summary judgment," the defenses are waived.  *Windward Bora LLC v. Lungen*, No. 22 Civ. 4743, 2023 WL 9100340, at *3 n.4 (S.D.N.Y. Aug. 29, 2023), *report and recommendation adopted*, No. 22 Civ. 4743, 2023 WL 8600699 (S.D.N.Y. Dec. 12, 2023), *appeal dismissed sub nom. Windward Bora LLC v. Sterling Nat'l Bank*, No. 24 Civ. 94, 2024 WL 3335071 (2d Cir. May 3, 2024); *see also Wilmington Tr., Nat'l Ass'n v. Winta Asset Mgmt. LLC*, 20 Civ. 5309, 2022 WL 2657166, at *7 (S.D.N.Y. July 8, 2022) (holding that a defendant "waived [its] affirmative defenses by not raising them in opposition to the plaintiff's motion for summary judgment"); *EMA Fin. v. TPT Glob. Tech, Inc.*, No. 20 Civ. 8781, 2023 WL 7043227, at *9 (S.D.N.Y. Oct. 26, 2023) ("Defendant raised at least eight affirmative defenses in its Answer but waived several of them by failing to raise them in opposition to Plaintiff's motion for summary judgment."); *see also Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2004) (holding that the plaintiff waived an argument by not raising it "in his opposition to summary judgment").

### b.  Remaining Defenses

Defendants' First Affirmative Defense (asserting that Plaintiff "fails to state a claim upon which relief may be granted," *see* Zulu Answer 4; 1767 TP Ave Answer 4) fails.  As discussed *supra*, Plaintiff can satisfy its prima facie case because it submitted the Mortgage, the Note, and evidence of 1767 TP Ave's default.  *See generally* ECF Nos. 1-1, 68-1; *see also* SUMF ¶¶ 2, 4, 6-9, 11, 13.  Defendants do not contest the validity of any of the submitted evidence.  *See generally* Defs.' Opp'n.  Instead, Defendants merely state without citation to any evidence that they were not and are not in default.  *See* CUMF ¶¶ 8, 11.  Where, as here, "facts stated in a party's Local Rule 56.1 Statement are supported by testimonial or documentary evidence, and denied with only a conclusory statement by the other party, the Court finds such facts to be true." *See Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg. Loan Tr. 2006-OA1*, 247 F. Supp. 3d

329, 332 n.1 (S.D.N.Y. 2017).  Here, because Defendants' conclusory assertions fail to place any element of Plaintiff's prima facie case in dispute, their First Affirmative Defense fails.

Defendants' Fifth Affirmative Defense (asserting "upon information and belief" that "Plaintiff lacks standing to maintain this suit," *see* Zulu Answer 4; 1767 TP Ave Answer 4) is easily disposed.  As discussed *supra*, Plaintiff established standing "by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *Eastern Sav. Bank*, 631 F. App'x at 15; *see* SUMF ¶¶ 6, 7, 13.  Defendants have raised no argument and cited no evidence to place Plaintiff's standing in dispute.

Finally, Defendants plead the doctrines of estoppel (Third Affirmative Defense) and unclean hands (Fourth Affirmative Defense); assert that "Plaintiff's claims are submitted in bad faith" (Seventh Affirmative Defense); and plead that Defendant Khemraj conspired with Plaintiff's predecessor in interest to prevent Defendants' attempts to refinance (Ninth Affirmative Defense).  *See* Zulu Answer 4; 1767 TP Ave Answer 4.  Defendants suggest that Plaintiff, as an alleged "wrongdoer," should not be permitted to profit from foreclosure on the disputed property.  *See* Defs.' Opp'n 3.  While Defendants are not entirely clear, their arguments may sound in equitable estoppel and/or unclean hands.  *See Jiles v. Archer*, 983 N.Y.S.2d 283, 285 (2014) (describing the doctrine of unclean hands); *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996) (describing the doctrine of equitable estoppel).  In any event, all four of these defenses fail for at least two reasons.

First, assuming *arguendo* that Defendants properly raised and argued these defenses in their four-page opposition, all are insufficient because Defendants have failed to cite evidentiary support sufficient to create any genuine issue of material fact.  Notably, "the defendant who invokes the doctrine of unclean hands has the burden of proof." *Gustavia Home*, 362 F. Supp. 3d at 90 (rejecting unclean hands and bad faith arguments where "Defendants provide no

elaboration on why this specific defense should apply beyond the conclusory statements made in their answer").  And equitable estoppel is applicable only "where there has been a clear and unambiguous promise, reasonable and foreseeable reliance on the promise, and an unconscionable injury as a result of the reliance."  *In re Ionosphere Clubs*, 85 F.3d at 999.  Here, after failing to engage in any meaningful discovery prior to the discovery deadline, *see* ECF No. 60, Defendants cite only two documents in support of their defenses: (1) Defendant Zulu's own declaration, which simply raises variations of the same claims in a conclusory manner, *see* Def.'s Opp'n 2 (citing Zulu Decl. ¶ 5, ECF No. 75); and (2) testimony by Defendant Zulu's spouse, which similarly sets forth unsubstantiated assertions about alleged fraud perpetrated upon Defendant Zulu by non-parties, *see generally* Dupree Decl., ECF No. 76.  "Self-serving, conclusory affidavits, standing alone, are insufficient to create a triable issue of fact and defeat a motion for summary judgment."  *Mason Tenders Dist. Council Welfare Fund v. LJC Dismantling Corp.*, 400 F. Supp. 3d 7, 15 (S.D.N.Y. 2019).

Second, Defendants fail to establish that Plaintiff was a "wrongdoer" that "should not be permitted to profit from [its] own wrong[s]," given that, by Defendants' own recounting, non-party Pinchas Funding (i.e., not Plaintiff) interfered with Defendants' right to redeem, while Non-Appearing Defendant Vijay Khemraj (again, not Plaintiff) allegedly defrauded them.  *See* Defs.' Opp'n 2-3.; Dupree Decl. ¶ 2 (testifying that Defendant Vijay Khemraj, not Plaintiff, worked with Pinchas Funding and its principal, Moses Sasson, to defraud Defendant Zulu).  And to the extent Defendants seek to articulate an affirmative defense of fraud, Defendants fail to articulate precisely how they were allegedly defrauded by Plaintiff, which is a requirement under the Federal Rules.  *See* Fed. R. Civ. P. 8(c)(1), 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Thus, even if the Court were inclined to credit Defendants' conclusory allegations about fraud or other bad faith

actions by Plaintiff, it must still conclude that Defendants have not "set forth specific facts showing that there is a genuine issue for trial" as to whether Plaintiff has unclean hands such that equity would not permit foreclosure. *See Anderson*, 477 U.S. at 250.

Defendants' affirmative defenses are unsubstantiated by the record. Because Defendants have failed to raise a proper defense to Plaintiff's foreclosure action, Plaintiff's motion is granted.[3]

## CONCLUSION

For the reasons discussed herein, the Court **GRANTS** Plaintiff's motion for summary judgment against the Appearing Defendants. The Court will not, however, issue a judgment of foreclosure and sale at this time, given outstanding matters. Specifically, Plaintiff previously indicated its intent to request default judgment against Non-Appearing Defendants. *See* ECF No. 30. Within **one week** of this Opinion and Order, Plaintiff shall file a letter on ECF updating the Court on the status of Non-Appearing Defendants Vijay Khemraj, Skyline Research Group Inc., and New York City Environmental Control Board.

The Clerk of Court is respectfully requested to terminate ECF No. 66.

SO ORDERED.

Dated: September 10, 2024
        New York, New York

DALE E. HO
United States District Judge

---

[3] Plaintiff additionally requests that the Court strike Defendants' affirmative defenses from the record. *See* ECF No. 66. Plaintiff provides no legal argument to support its request. *See generally* ECF Nos. 70, 80. At any rate, the Court need not address it because, as discussed, the affirmative defenses are waived and/or inadequately supported so as to defeat summary judgment.